UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRIS COUNTY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-03437 |
| | § | |
| PRSI TRADING, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Harris County's ("County") Motion to Remand (Doc. 3). Having considered the motion, the response, the facts in the record and the applicable law, the Court concludes that the motion should be granted.

**I.     Background**

This is a dispute over an exemption for ad valorem personal property taxes. The County and PRSI Trading disagree as to whether the latter's inventory of crude oil, refined petroleum products, and other goods is stored in an active Foreign Trade Zone ("FTZ") subzone located in Pasadena, Texas. (Original Pet., Doc. 1-2, ¶¶ 4.2, 4.6). Pursuant to the Foreign Trade Zones Act, goods stored in such a subzone are exempt from state and local ad valorem taxation. (19 U.S.C. § 81o(e)). The County contends that PRSI Trading's parent company, PRSI CT, the current owner and operator of the subzone, does not have proper authorization to be an operator. (Doc. 1-2, ¶ 4.10). As a result, the County claims that PRSI Trading's goods inventoried in that subzone are not exempt. (*Id*., ¶ 4.12).

The County challenged Harris County Appraisal District's ("HCAD") grant of the FTZ exemption before the Appraisal Review Board ("ARB"). (*Id*., ¶ 5.1). The challenge was denied, and the County filed suit in state court for de novo judicial review of the decision, seeking an

order to compel HCAD to correct the tax rolls and back-appraise PRSI Trading's inventory. (*Id.*, ¶ 5.4–5.5). PRSI Trading filed a notice of removal, claiming the Court has federal-question jurisdiction and federal officer removal jurisdiction. In response, the County filed a motion to remand. The County argues (1) there is no federal-question jurisdiction under the "well-pleaded complaint" doctrine, (2) there is no federal officer removal jurisdiction because PRSI Trading did not act under color of any federal office, and (3) federal jurisdiction is barred under the Tax Injunction Act and comity doctrine.

## II.     Legal Standard

A defendant may remove a case from state court if the plaintiff could have originally initiated the suit in federal court. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing 28 U.S.C. § 1441). The removing party bears the burden of showing subject matter jurisdiction exists and removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## III.    Discussion

### A.     Federal-question jurisdiction

Absent diversity of citizenship, a defendant must establish federal-question jurisdiction in order to remove a case. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal-question jurisdiction is limited by the "well-pleaded complaint rule," which provides "federal jurisdiction exists only when a federal-question is presented on the face of plaintiff's properly pleaded complaint." *Id.* To satisfy the well-pleaded complaint rule, the movant must show "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the

balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).

A federal issue is "necessary" if it is an element rather than a defense to the state-law claim. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 10-11 (1983) (quoting *Gully v. First National Bank*, 299 U.S. 109, 112 (1936)) ("[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

In its original complaint, the County claims HCAD granted an FTZ exemption that was invalid under the Foreign Trade Zones Act. Doc. 3-1 at 2. The issue of the validity of the exemption was "necessary" to resolution of the complaint; in fact, it was the only issue raised in the complaint. The County maintains, "[T]he only claim pled by Harris County is an appeal of an ARB ruling pursuant to chapter 42 of the Texas Tax Code." Doc. 3 at 5. PRSI Trading responds the Tax Code merely provided the "procedural vehicle" under which the County's substantive claim of invalidity could be challenged. Doc. 8 at 6. Indeed, the original complaint states: "Harris County brings this appeal pursuant to Tex. Tax Code § 42.031 seeking a trial de novo *on the issue of whether PRSI Trading is entitled to an FTZ Exemption* and an order compelling HCAD to correct the tax rolls . . . ." Doc. 3-1 at 4 (emphasis added). The County describes its earlier petition to the ARB in identical terms. Doc. 3-1 at 4 ("On May 30. 3013, Harris County

petitioned the Appraisal Review Board challenging HCAD's erroneous grant of FTZ exemptions….").

In *Franchise Tax Bd.*, the Supreme Court found a federal tax exemption was a defense rather than an element of a suit to enforce a tax levy. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 13 (1983). The Supreme Court analyzed the issue as follows:

> [A] straightforward application of the well-pleaded complaint rule precludes original federal court jurisdiction. California law establishes a set of conditions, without reference to federal law, under which a tax levy may be enforced; federal law becomes relevant only by way of a defense to an obligation created entirely by state law, and then only if appellant has made out a valid claim for relief under state law. The well-pleaded complaint rule was framed to deal with precisely such a situation. [S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

*Id.* Here, the federal-law issue of the FTZ exemption was not only "relevant" but an essential element of the County's original complaint, as explained above. Under *Franchise Tax Bd.*, however, the issue is properly considered a defense to the underlying "obligation created entirely by state law" or "set of conditions" under which ad valorem taxes are assessed and enforced. PRSI Trading argues ad valorem obligations under the Texas Tax Code are not "created entirely by state law," since the Tax Code makes "reference" to federal law, unlike the tax levy provisions of the California Tax Code. Tex. Tax Code Ann. §11.12 (Vernon) ("Property exempt from ad valorem taxation by federal law is exempt from taxation."). Doc. 8 at 9. The California tax levy statute makes reference to taxpayers' obligations under the entire California income tax regime, which broadly parallels the federal tax code. Tax Code. Cal. Rev. & Tax Code Ann. § 18817 (West Supp. 1982) (authorizing franchise board "to withhold ... the amount of any tax, interest, or penalties due from the taxpayer . . . under this part . . . and to transmit the amount

withheld to the Franchise Tax Board."). A month after *Franchise Tax Bd.* was decided, the California legislature repealed half of the California income tax regime, replacing it with direct references to the Internal Revenue Code. Assem. Bill 36, 1983-1984 Reg. Sess., Ch. 488, 1983 Cal. Stat. Even before this legislation, California income tax generally "conformed" to ERISA, the federal law at issue in *Franchise Tax Bd.*, under its broad preemption provision. 29 U.S.C. § 1144(1). Nonetheless the Court held tax exemptions under ERISA to be defenses to taxpayers' underlying obligation to pay tax.

Texas law has long treated exemptions as exceptions to the obligation to pay tax. *Bullock v. Nat'l Bancshares Corp.*, 584 S.W.2d 268, 272 n. 5 (quoting 3 C. SANDS, STATUTES AND STATUTORY CONSTRUCTION § 66.09, at 207 ((1972 & Supp.1979)) ("Taxation is the rule and exemption therefrom the exception."). Exemptions are subject to strict construction and limited to those set forth in the Texas Constitution. *Id.* at 271-72; Tex. Const. art. VIII, § 1. The FTZ exemption under 19 U.S.C. § 81o(e) was enacted by Congress as a result of this "unique problem in the State of Texas in which the local taxing jurisdiction does not have the authority to exempt tangible personal property in a [foreign trade zone] from taxation due to the State constitution." H.R. rep. No. 267, 98th Cong., 1st Sess. 35–36 (1983); *see Deer Park v. Harris County Appraisal Dist.*, 963 F. Supp. 605, 606 (S.D. Tex. 1997) *aff'd sub nom. Deer Park Indep. Sch. Dist. v. Harris County Appraisal Dist.*, 132 F.3d 1095 (5th Cir. 1998). The federal exemption is self-executing under the Texas Tax Code. Tex. Tax Code Ann. §§ 11.01, 11.12, 11.43 (Vernon). But the reference to federal exemptions in the Tax Code occurs in a different provision from the one providing the County's cause of action (§ 41.03), and it does not nullify the underlying obligation of the taxpayer on which *Franchise Tax Bd.* was premised.

Decisions after *Franchise Tax Bd.* not involving tax exemptions have put less weight on the "necessity" prong of the federal question test, emphasizing the "substance" prong. *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) ("[T]he Supreme Court has subsequently warned that Franchise Tax Board's necessary-resolution language should be read as part of a carefully nuanced standard rather than a broad and simplistic rule."); *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986) (federal drug misbranding violation in state negligence per se case was necessary but not substantial); *Gunn v. Minton*, 133 S. Ct. 1059, 1066 (2013) (issue of patent validity in Texas malpractice case was necessary but not substantial); *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 310 (2005) (proper notice to property owner of IRS sale under federal law was both necessary and substantial issue in state action to try title that "sensibly belongs in federal court" because of the Government's "strong interest" in collecting delinquent taxes).

More on point, the Fifth Circuit held that a taxpayer's claims to be exempt and immune from federal income tax withholding were necessary and substantial in an action against his employer that was framed in terms of breach of fiduciary duty and other state law claims. *Hughes v. Chevron Phillips Chem. Co. LP*, 478 Fed. Appx. 167, 170-71 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 839 (U.S. 2013), *reh'g denied*, 133 S. Ct. 1629 (U.S. 2013); *c.f. Marren v. Stout*, 930 F. Supp. 2d 675, 681 (W.D. Tex. 2013) (taxpayer's claim to be entitled to be classified as employee for federal income tax purposes was necessary but not substantial in state-law action against employer). The "exemption" asserted in *Hughes* included far-fetched attempts "to interpret the federal tax code in a manner that exempts him from its reach." *Hughes*, 478 Fed. Appx. at 171. In contrast, the County's claim that the FTZ exemption is invalid falls directly under the well-pleaded complaint rule as set forth in *Franchise Tax Bd.*, regardless of how the

claim was framed in the complaint.[1] *Id.* Harris County's original complaint was framed in terms of a challenge to the exemption pursuant to Tex. Tax Code § 42.031, but it was effectively a pleading to enforce a tax assessment. The FTZ exemption is properly considered a defense to PRSI Trading's underlying obligation to pay ad valorem tax enshrined in the Texas Constitution and Tax Code.

### B.   Federal-officer jurisdiction

Alternatively, PRSI Trading seeks removal under 28 U.S.C. § 1442(a):

> A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed: . . . The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office. . . .

PRSI Trading fails to establish it was a Government agency, officer, or person "acting under" an officer. *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142 (2007) ("Precedent and statutory purpose also make clear that the private person's "acting under" must involve an effort to *assist,* or to help *carry out,* the federal superior's duties or tasks. . . . Such aid does *not* include simply *complying* with the law.") (emphasis in original).

### C.   Tax Injunction Act

The County argues removal is barred by the Tax Injunction Act. 28 U.S.C.A. § 1341 (West) ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."). Courts have generally not held the Act to apply to suits against taxpayers to enforce taxes. WRIGHT & MILLER, 17A Fed. Prac. & Proc. Juris. § 4237 (3d ed.). Given the lack of federal jurisdiction as explained above, it is not necessary for the Court to

---

[1] The "well-pleaded complaint" in *Franchise Tax Bd.* failed to assert "any particular statutory entitlement to relief." 463 U.S. at 13.

consider an "expansive reading" of the Act or to consider the county's argument that removal is barred by the principle of comity. *Id.*

### D. Request for Costs and Expenses

The County's request for $5,000 attorney fees for the filing of the motion to remand is denied as there was an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

### IV. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff Harris County's Motion to Remand (Doc. 3) is **GRANTED** and the Clerk shall mail a certified copy of this Order of Remand to the Clerk of the 334th Judicial District of Harris County, Texas as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, this 29th day of September, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE